JOSEPH P. RUSSONIELLO (CABN 44332)
United States Attorney

BRIAN J. STRETCH (CABN 163973)
Chief, Criminal Division

WENDY THOMAS (NYBN 4315420)
Special Assistant United States Attorney

    450 Golden Gate Avenue, 11th Floor
    San Francisco, California 94102
    Telephone:    (415) 436-6809
    Fax:    (415) 436-7234
    Email: wendy.thomas@usdoj.gov

Attorneys for the United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No. CR 08-0066 MAG |
|     Plaintiff, ) | |
| v. ) | **DECLARATION OF DONALD MAGILLIGAN IN SUPPORT OF UNITED STATES' MOTION FOR SUMMONS** |
| ABRAN CHAVEZ-DIAZ, ) | |
|     Defendant. ) | |

I, Donald Magilligan, hereby declare as follows:

1. I am a law clerk in the United States Attorney's Office assigned to the prosecution of this case. I have received the following information from Park Rangers employed by the National Park Service and from reports and other documents provided to me by the National Park Service.

2. On November 30, 2007, while on patrol on Conzelman Road, within the boundaries of the Golden Gate National Recreation Area, United States Park Ranger Gerald Parker ("Parker") observed an oncoming vehicle driving two feet over the double yellow center line.

3. The vehicle corrected itself before passing Parker. He glanced at the vehicle using his rearview mirror. He noticed that the vehicle's license plate light was inoperable and decided to

DECLARATION IN SUPPORT OF MOTION FOR SUMMONS
Case No. CR 08-0066 MAG

pull the vehicle over.

4. Parker made a u-turn and caught up to the vehicle which was parked in a pullout just west of Battery Spencer. Parker did not see any other vehicles on the road or in the turnout.

5. Parker observed an individual, later identified as Abran Chavez-Diaz ("Defendant"), exit the vehicle from the driver's side. Parker contacted Defendant and asked for his driver's license. Defendant said that he did not have one. Although Defendant spoke broken English, Parker noticed Defendant was slurring his speech. The front passenger in the vehicle, later identified as Edgar Valencia ("Valencia"), whose English was better, served as an interpreter for Parker and Defendant.

6. Parker noticed that Defendant smelled of alcohol. Parker asked Defendant if he had been drinking. Defendant first denied it, then admitted to having several "Mickeys" earlier in the day. Parker asked Defendant again for a driver's license. This time Defendant said he had a Mexico driver's license.

7. Parker administered Field Sobriety Tests ("FSTs") to Defendant. Parker asked if Defendant wanted a jacket because he appeared to be shaking from the cold. Defendant said yes. Defendant said his jacket was in the trunk and that the keys to the trunk were in the ignition. While reaching for the keys, Parker noticed two "Mickeys" brand beer bottles on the floor of the passenger compartment.

8. Parker performed a Horizontal Gaze Nystagmus test on Defendant and observed six out of six clues. Then Parker asked Defendant to perform the Walk and Turn Test. Defendant exhibited five clues: He failed to touch his heel to toe on every step; he stepped off line the first step; he used his arms for balance on step three of the return; he failed to perform the turn correctly, having raised his arms and lost his balance; and Defendant failed to take the correct number of steps. Parker asked Defendant to perform the One Leg Stand test. Defendant exhibited four clues: He swayed while balancing, he used his arms while balancing, he put his foot down for balance, and he failed to count out loud.

9. Parker placed Defendant under arrest for driving under the influence. Defendant, age

DECLARATION IN SUPPORT OF MOTION FOR SUMMONS
Case No. CR 08-0066 MAG

-2-

1  nineteen, provided a breath sample into the portable breath tester which registered .078 Breath
2  Alcohol Concentration ("BrAC").  Defendant provided two more breath samples at the Marin
3  County Detention Facility which registered .06 and .06, respectively.
4     10.  Ranger Liza Kent ("Kent"), who arrived on scene for assistance, performed a probable
5  cause search of Defendant's vehicle.  Kent found two 40 ounce beer bottles on the floor of the
6  driver's side (one opened, the other unopened).  She found another 40 ounce beer bottle behind
7  the front passenger seat.  She also found a glass container with approximately four grams of
8  marijuana and rolling papers under the driver's seat.
9     11.  I declare under penalty of perjury according to the laws of the United States that the
10 foregoing is true and correct to the best of my knowledge and belief.

12 Executed March 20, 2008, at San Francisco, California.

_____/s/_____
DONALD MAGILLIGAN
Law Clerk
United States Attorney's Office

DECLARATION IN SUPPORT OF MOTION FOR SUMMONS
Case No. CR 08-0066 MAG
-3-